

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

April 6, 2018

**VIA ECF**
The Honorable William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

      Re:    *Natural Resources Defense Council v. Pruitt*, 18 Civ. 613 (WHP)

Dear Judge Pauley:

      This Office represents defendant Scott Pruitt in his official capacity as Administrator of the United States Environmental Protection Agency (the "Administrator" or "EPA") in the above referenced matter commenced by plaintiff Natural Resources Defense Council, Inc. ("NRDC") under the Administrative Procedure Act. Pursuant to Section III.A of Your Honor's Individual Practices, we write respectfully to request a pre-motion conference to discuss the Government's anticipated motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**I.**    **BACKGROUND**

      EPA's mission under the federal environmental statutes is to protect human health and the environment. Numerous environmental statutes administered by EPA authorize a wide variety of grant programs designed to fund research into environmental issues. *See e.g.*, 42 U.S.C. § 7403(b)(3) (Clean Air Act); 33 U.S.C. § 1254(b)(3) (Clean Water Act).

      In furtherance of its mission, EPA manages twenty-two advisory committees, addressing a wide range of environmental and human health subjects. *See, e.g.,* the Clean Air Scientific Advisory Committee, 42 U.S.C. § 7409(d)(2)(A)-(B); the Science Advisory Board, 42 U.S.C. § 4365(a)-(b). Federal advisory committees provide expert, collective "advice or recommendations" to the President or an agency on matters relevant to their responsibilities. 5 U.S.C. App. 2 § 3(2); *see also* 41 C.F.R. § 102-3.25. The governing statute—the Federal Advisory Committee Act, 5 U.S.C. App. 2 ("FACA")—requires that each advisory committee be "fairly balanced in terms of the points of view represented and the functions to be performed," *id.* § 5(b)(2), and "not be inappropriately influenced by the appointing authority or by any special interest," *id.* § 5(b)(3). FACA is silent as to the qualifications of advisory committee members and member selection and retention. Instead, it is up to the appointing agency to develop such policies. *See* 41 C.F.R. § 102-3.130. In addition, FACA's implementing regulations provide that, absent a relevant legal authority prescribing otherwise, "advisory committee members serve at the pleasure of the appointing or inviting authority." *Id.* § 102-3.130(a).

      On October 31, 2017, the Administrator issued a directive titled "Strengthening and Improving Membership on EPA Federal Advisory Committees" (the "Directive"). *See* Compl. Ex. A. An explanatory memorandum accompanying the Directive (the "Memorandum"), issued the same day, acknowledged that FACA requires federal advisory committees to be "fairly balanced in terms of the points of view represented and the functions to be performed" and

staffed with qualified individuals.  *See* Compl. Ex. B, at 2.  Accordingly, "to strengthen and improve the independence, diversity and breadth of participation on EPA . . . advisory committees," *id.* Ex. A, the Directive sets forth four, interrelated policies for appointment to an EPA advisory committee.  The first policy, which is the focus of NRDC's complaint, seeks to ensure "integrity and confidence" in EPA's advisory committees by providing that the Agency generally will not select or retain as members of its committees individuals that are concurrently in receipt of EPA grants.  *Id.* Ex. B at 3.

On January 24, 2018, NRDC filed suit under the Administrative Procedure Act, 5 U.S.C. § 706(a) ("APA"), seeking declaratory and injunctive relief in the form of an order vacating the Directive and any resulting actions, and an injunction prohibiting EPA from implementing the Directive.  The complaint alleges that the Directive violates the APA because: (1) it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *see* Compl. ¶¶ 51-62 (Counts I & II) (citing 5 U.S.C. § 706(2)(A)); and (2) it was not issued under the APA's notice-and-comment requirements, *see* Compl. ¶¶ 63-67 (Count III) (citing 5 U.S.C. § 553).

## II.    ARGUMENT

*First*, Counts I–III of NRDC's complaint must be dismissed for lack of subject matter jurisdiction because NRDC has failed to allege facts demonstrating its standing to bring suit.  Specifically, NRDC must allege facts establishing that it has suffered a "concrete and particularized" "injury in fact."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016) (citation omitted).  Organizations pursuing associational standing must also "allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit."  *Warth v. Seldin*, 422 U.S. 490, 511 (1975).

NRDC has failed to allege injury in fact, either to itself or to any members on whose behalf it is pursuing these claims.  NRDC contends that the Directive harms its "organizational objective to ensure that science is used to inform the regulatory process," by "prohibiting a number of qualified researchers from competing for EPA research grants and supplying the agency with research of high scientific merit," Compl. ¶ 50.  However, NRDC must show a "concrete and particularized" injury, not one that is "abstract."  *Spokeo*, 136 S. Ct. at 1548.  Moreover, NRDC has not identified any member purportedly suffering injury, instead alleging that some of its members and employees currently serve or previously served on EPA advisory committees, and that other members and employees include scientists who are currently working on or have previously worked on research projects funded by EPA grants.  Compl. ¶ 48.  NRDC broadly asserts, without more, that the Directive "injures these scientists by limiting their professional opportunities," insofar as these members and employees will be unable to serve on an EPA committee or obtain an EPA grant by virtue of the Directive.  *Id.*  NRDC, however, has not alleged that any of its members or employees have sought or been denied any professional opportunities because of the Directive.  *Id.*  NRDC also claims that the Directive "injures" its members and employees "by disparaging their professional integrity," *id.*¶ 49, but these allegations are similarly speculative because the complaint fails to identify a single member whose reputation has been affected or to plausibly allege how the Directive causes reputational harm.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 420 (2013) (declining to find reputational injury to plaintiff based on "subjective chill" because plaintiff failed to demonstrate that he was "unquestionably regulated by the relevant statute").

*Second*, Counts I–III of NRDC's complaint must be dismissed because NRDC's claims are not ripe for review. The ripeness doctrine provides that a claim should not be considered "until the scope of the controversy has been reduced to more manageable proportions, and its factual components fleshed out, by some concrete action applying the regulation to the claimant's situation in a fashion that harms or threatens to harm him." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (citation omitted). Because NRDC's asserted injuries from the Directive are "conjectural or hypothetical," its APA challenge to the Directive is also not ripe for review.

*Third*, Counts I–III of NRDC's complaint must be dismissed for lack of subject matter jurisdiction because the Directive concerns matters committed to agency discretion by law. Although the APA "embodies a 'basic presumption of judicial review[,]' . . . agency action is not subject to judicial review 'to the extent that' such 'action is committed to agency discretion by law.'" *Lunney v. United* States, 319 F.3d 550, 558 (2d Cir. 2003) (quoting 5 U.S.C. § 701(a)(2)) (further citation omitted). "This limitation on the APA's waiver of immunity means that there is no jurisdiction if the statute or regulation said to govern the challenged agency action 'is drawn so that a court would have no *meaningful standard* against which to judge the agency's exercise of discretion.'" *Id.* (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)). Here, NRDC cannot identify any "statute or regulation that would limit" the Administrator's complete discretion in appointing EPA advisory committee members. FACA, for example, provides no meaningful standard for review for determining what constitutes "fair balance" of and "inappropriate influence" over federal advisory committees, *see* 5 U.S.C. App. 2, §§ 5(b)(2), 5(b)(3). *See also See Pub. Citizen v. Nat'l Advisory Comm. on Microbiological Criteria for Foods*, 886 F.2d 419, 426 - 431 (D.C. Cir. 1989) (Silberman, J. concurring) (lack of judicially manageable standards under FACA).

*Fourth*, Counts I–III of NRDC's complaint, all of which are premised on the Directive being a final agency action, must be dismissed. Only final agency actions are reviewable under the APA. 5 U.S.C. § 704. To be final, the action must "mark the 'consummation' of the agency's decisionmaking process" and "be one by which 'rights or obligations have been determined,' or from which 'legal consequences flow.'" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citations omitted). By contrast, general statements of policy do not "change existing rights and obligations" of those regulated, but instead state the agency's "general policy" or "are rules directed primarily at the staff of an agency describing how it will conduct agency discretionary functions." *Noel v. Chapman*, 508 F.2d 1023, 1030 (2d Cir. 1974) (citations omitted). The Directive is a policy statement that outlines agency principles and priorities which guide the Administrator's complete discretionary authority to select members for EPA's advisory committees. *See* 41 C.F.R. § 102-3.130(a). In the context of this challenge, where the Directive has not been applied to any member of the NRDC who either serves on a committee or benefits from an EPA grant, NRDC has not been harmed by a final agency action. Similarly, because the Directive is a general statement of policy, it is not subject to the notice and comment requirements of the APA. See 5 U.S.C. § 553(b) (requirements do not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice."). For that reason, Count III of NRDC's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

We thank the Court for its consideration of this letter.

                Respectfully,

                GEOFFREY S. BERMAN
                United States Attorney

By:       */s/ Tomoko Onozawa*
                TOMOKO ONOZAWA
                Assistant United States Attorney
                Tel:  (212) 637-2721
                Fax: (212) 637-2686

Of Counsel:

Daniel Bensing, Esq., Senior Trial Counsel
James R. Powers, Esq., Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
Washington, D.C.

cc: Mitchell Bernard, Esq. (via ECF)
    Thomas Zimpleman, Esq. (via ECF)