# NRDC

April 12, 2018

**By Electronic Filing**

The Honorable William H. Pauley III
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

              **Re: Natural Resources Defense Council v. Pruitt, Civil Action No. 1:18-cv-613-WHP**

Dear Judge Pauley:

      Pursuant to Section III.A of Your Honor's individual practices, Plaintiff Natural Resources Defense Council ("NRDC") respectfully submits this response to Defendant's April 6, 2018 letter requesting a conference to discuss the filing of a motion to dismiss Plaintiff's amended complaint. As explained herein, and in NRDC's separate letter motion regarding its anticipated motion for summary judgment, the Court has jurisdiction over this case, and the issues are purely legal and ripe for immediate review. Defendant's letter states that he intends to move to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Def.'s Letter Mot. at 1, ECF No. 18. The arguments discussed in his letter are without merit.

      **First, NRDC has standing.** The amended complaint challenges Defendant's issuance of a Directive barring scientists who have won competitive research grants from EPA from serving on the agency's advisory committees. Am. Compl. ¶¶ 21-51, ECF No. 13. It asserts two cognizable injuries suffered by NRDC's members. First, NRDC alleges that the Directive restricts the professional opportunities of scientific researchers. Am. Compl. ¶ 48. A lost opportunity to compete for a government benefit is a concrete Article III injury. *See Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 55 (2d Cir. 1992); *CC Distrib., Inc. v. United States*, 883 F.2d 146, 150 (D.C. Cir. 1989). Moreover, such an injury is redressable where, as here, it is inflicted by a government policy, even if the government otherwise enjoys discretion in the awarding of a benefit. *See, e.g., Regents of the Univ. of Cal. v. Bakke*, 438 U.S. 265, 280 n.14 (1978); *W. Va. Ass'n of Cmty. Health Ctrs., Inc. v. Heckler*, 734 F.2d 1570, 1574-76 (D.C. Cir. 1984); *see also Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015). Second, the amended complaint asserts that the Directive harms the reputations of academic researchers because the restrictions it imposes single them out for supposed bias. Am. Compl. ¶ 49. An injury to reputation satisfies Article III. *See Pearl River*

*Union Free Sch. Dist. v. Duncan*, 56 F. Supp. 3d 339, 354 (S.D.N.Y. 2014) ("[T]he Supreme Court has long recognized that an injury to reputation will satisfy the injury element of standing.") (citation omitted). Defendant's letter asserts that the amended complaint is deficient because NRDC has not "identified any member purportedly suffering injury." Def. Letter Mot. at 2. NRDC's amended complaint alleges that it has members who are academic researchers, who serve or have served on EPA advisory committees, and who work or have worked on projects funded by EPA research grants. Complaint ¶ 48. That is all that is required; a membership organization need not "'name names' in a complaint." *Bldg. & Const. Trades Council of Buffalo & Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 145 (2d Cir. 2006).

Finally, NRDC has standing because the Directive harms the institutional interests of NRDC by creating biased advisory committees and systematically excluding individuals with relevant scientific expertise. Am. Compl. ¶ 50. This injury also satisfies Article III standing. *Cargill, Inc. v. United States*, 173 F.3d 323, 329-30 (5th Cir. 1999).

**Second, the Directive is final agency action and the issues presented in the amended complaint are ripe for review.** Defendant asserts that the Court lacks jurisdiction because the case is not ripe, and because the Directive is not final agency action. Def.'s Letter Mot. at 3. Both arguments are wrong. This case presents purely legal claims asserting that the Directive is arbitrary and capricious, and was adopted without observance of procedures required by law. Am. Compl. ¶¶ 52-69. Administrative Procedure Act ("APA") claims like this are presumptively reviewable. *See Cement Kiln Recycling Coal. v. EPA*, 493 F.3d 207, 215 (D.C. Cir. 2007). Further, NRDC has alleged that its members and NRDC itself are presently injured by the Directive. Am. Compl. ¶¶ 48-50. Accordingly, the issues are ripe for review. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967). Review is available under the APA because the Directive is final agency action. It spoke in mandatory terms: "Members *shall* be independent from EPA," which in turn leads to the "*requirement* that no member of an EPA federal advisory committee be currently in receipt of EPA grants," but that this rule "*shall not* apply to state, tribal or local government agency recipients of EPA grants." The Directive thus meets both requirements for final agency action: It is the consummation of EPA's decision-making process because it announces rules that EPA shall follow in its operation of advisory committees, and legal consequences flow from the Directive because it has already been used by Mr. Pruitt as authority for a purge of independent scientists from EPA's advisory committees. *Bennett v. Spear*, 520 U.S. 154, 178 (1997). The Directive's one-sentence reservation allowing Mr. Pruitt to "exercise my discretion to depart from the procedures" in the Directive "where

appropriate" does not create a process for further review, and thus does not make the Directive any less final. *See Sackett v. EPA*, 566 U.S. 120, 127 (2012).

**Third, the Court can review the claims presented in the complaint under the APA's well-established standards.** Defendant asserts that the complaint is unreviewable because he enjoys "complete discretion in appointing EPA advisory committee members." Def.'s Letter Mot. at 3. That contention ignores both the applicable law and the substance of NRDC's claims. Defendant asserts that the Federal Advisory Committee Act's ("FACA") "fair balance" requirement is non-justiciable, Def.'s Letter Mot. at 3, but the weight of circuit court authority has rejected that argument. *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1232-34 (10th Cir. 2004); *Cargill,* 173 F.3d at 334-35; *Pub. Citizen v. Nat'l Advisory Comm. on Microbiological Criteria for Foods*, 886 F.2d 419, 423-25, 433-34 (D.C. Cir. 1989) (majority agreeing that 5 U.S.C. App. 2 § 5(b)(2) is justiciable). Defendant also misapprehends the nature of NRDC's claims, which seek review of the legal authority and supporting rationale for the rule announced in the Directive. The Court need determine only that FACA, the statutes creating EPA's advisory committees, and EPA's existing policies are "an important aspect of the problem," and that Mr. Pruitt did not give adequate consideration to them, in order to rule for NRDC on these claims. *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

**Fourth, the Directive is not a "general statement of policy."** General statements of policy "advise the public *prospectively* of the manner in which the agency proposed to exercise a discretionary power." *Lincoln v. Vigil*, 508 U.S. 182, 197 (1993) (emphasis added) (quoting *Chrysler Corp. v. Brown*, 281, 302 n.31 (1979)). Mr. Pruitt has used the Directive to remove advisory committee members during their existing terms of service, because of research grants that had already been awarded. Am. Compl. ¶ 46. The Directive thus creates new legal obligations for research scientists, in what amounts to a legislative rule requiring notice and comment. *See White v. Shalala*, 7 F.3d 296, 303-04 (2d Cir. 1993).

Plaintiff thanks the Court for its consideration of this letter.

3

Respectfully submitted,

| | |
|---|---|
| /s/*Thomas Zimpleman* | /s/*Mitchell S. Bernard* (by permission) |
| Thomas Zimpleman (admitted pro hac vice) | Mitchell S. Bernard (MB 5823) |
| T: (202) 513-6244 | T: (212) 727-4469 |
| F: (415) 795-4799 | F: (415) 795-4799 |
| tzimpleman@nrdc.org | mbernard@nrdc.org |

Cc: Tomoko Onozawa (via ECF)
      Daniel Bensing (via ECF)