# NRDC

April 12, 2018

**By Electronic Filing**

The Honorable William H. Pauley III
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

> **Re: Natural Resources Defense Council v. Pruitt, Civil Action No.
> 1:18-cv-613-WHP**

Dear Judge Pauley:

Plaintiff Natural Resources Defense Council ("NRDC") respectfully submits this letter pursuant to Section III.A of Your Honor's Individual Practices, requesting a pre-motion conference to discuss Plaintiff's anticipated motion for summary judgment. For the reasons set forth briefly below, such a motion is both timely and appropriate.

**I.      Good cause exists to adjudicate this case by summary judgment**

Courts in this district have recognized that summary judgment is "generally appropriate" where "a party seeks review of agency action" under the Administrative Procedure Act ("APA") and "the entire case on review is a question of law." *Noroozi v. Napolitano*, 905 F. Supp. 2d 535, 541 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Ass'n of Proprietary Colls. v. Duncan*, 107 F. Supp. 3d 332, 344 (S.D.N.Y. 2015). Plaintiff's amended complaint seeks review of the Environmental Protection Agency's ("EPA" or "the agency") Directive barring academic scientists working on EPA research grants from serving on any of the agency's federal advisory committees. The three claims for relief present questions of law: whether (1) the agency's decision and explanation of its action met the APA's requirements for reasoned decision-making, (2) the agency action was arbitrary and capricious for reversing prior policies without explanation, and (3) the Directive was adopted without observing legally required procedures. *See* 5 U.S.C. § 706(2)(A). These are purely legal claims, and summary judgment is the appropriate method to adjudicate them.

In reviewing Plaintiff's first two claims for relief, the Court would apply the well-established "arbitrary and capricious" standard. Under that standard, EPA's decision must demonstrate that it "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action." *NRDC v. FAA*, 564 F.3d 549, 555 (2d Cir. 2009)

(alteration in original) (quoting *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). "Moreover, the agency's decision must reveal a 'rational connection between the facts found and the choice made.'" *Id.* (quoting *State Farm*, 463 U.S. at 43).

The Directive does not withstand even this deferential standard of review. In adopting the provisions challenged here, neither the Directive, nor an accompanying memorandum that purports to elaborate on Defendant's reasoning, cites or discusses the numerous legal requirements applicable to EPA's advisory committees, including the enabling statutes requiring EPA to appoint individuals with relevant scientific expertise, *see, e.g.*, 42 U.S.C. § 4365; *id.* § 7409(d)(2)(A); 7 U.S.C. § 136w(d), and the provisions of the Federal Advisory Committee Act, 5 U.S.C. App. 2 § 5(b), (c), requiring federal agencies to maintain fair balance in advisory committees. The Directive prevents a number of highly-qualified scientists from serving on advisory committees. The Directive does not acknowledge this significant reality, or attempt to reconcile its terms with Congress' instructions to EPA or the relevant federal ethics rules.

Moreover, EPA and the Executive Branch have long-standing policies governing peer review of scientific and technical information. These policies provide that a scientific researcher who has obtained an agency research grant through a competitive, peer-reviewed process is not thereby disqualified from giving advice to the agency on other topics. Yet the Directive reverses course from these policies without citing or discussing them, and without any reasons, much less "good reasons," for the change. *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2126 (2016) (quoting *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009)).

Finally, because the Directive became immediately effective and was used to justify the removal of advisory committee members during their terms, it is a legislative rule. "A legislative rule modifies or adds to a legal norm," *Ass'n of Flight Attendants-CWA, AFL-CIO v. Huerta*, 785 F.3d 710, 716 (D.C. Cir. 2015) (quoting *Syncor Int'l Corp. v. Shalala*, 127 F.3d 90, 94 (D.C. Cir. 1997)) (internal quotation mark omitted), and "creates new rights or imposes new obligations on regulated parties or narrowly limits administrative discretion." The Directive imposed new requirements and made them immediately binding in a way that adversely affected individuals serving on advisory committees or conducting scientific research for EPA. EPA must follow the APA's rulemaking procedures before adopting such a requirement. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 313 (1979).

**II.    Permitting Plaintiff to file a summary judgment motion now will be the most efficient way to litigate this case**

The Federal Rules permit a party to move for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Permitting Plaintiff to file a motion for summary judgment now would promote the efficient resolution of this matter. Defendant intends to move to dismiss the amended complaint. *See* Def.'s Letter Mot., ECF No. 18. However, the issues presented in a motion to dismiss can all be presented more thoroughly and efficiently through summary judgment briefing.

The dispositive issues Plaintiff raises in this case are purely legal. Defendant's anticipated responses also raise purely legal issues. Def.'s Letter Mot. at 2-3. It would be inefficient to brief these dispositive questions of law in multiple rounds, given that resolution of the questions will likely resolve the case. The same is true with respect to Defendant's jurisdictional defenses. Resolving these questions on a motion to dismiss would turn entirely on the adequacy of the pleadings. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Resolving these questions at summary judgment would give the Court the benefit of the "affidavit[s] or other evidence" that Plaintiff will be required to present. *Id.* Again, there is little sense in engaging in a multi-step process to review the same questions of law.

For these reasons, Plaintiff respectfully requests permission to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Plaintiff thanks the Court for its consideration of this letter.

Respectfully submitted,

*/s/Thomas Zimpleman*                              */s/Mitchell S. Bernard* (by permission)
Thomas Zimpleman (admitted pro hac vice)      Mitchell S. Bernard (MB 5823)
T: (202) 513-6244                                 T: (212) 727-4469
F: (415) 795-4799                                 F: (415) 795-4799
tzimpleman@nrdc.org                               mbernard@nrdc.org

Cc:    Tomoko Onozawa (via ECF)
       Daniel Bensing (via ECF)