

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 19, 2018

**VIA ECF**
The Honorable William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

      Re:    *Natural Resources Defense Council v. Pruitt*, 18 Civ. 613 (WHP)

Dear Judge Pauley:

      This Office, together with the Department of Justice's Civil Division, represents defendant Scott Pruitt in his official capacity as Administrator of the United States Environmental Protection Agency (the "Administrator" or "EPA") in the above referenced matter commenced by plaintiff Natural Resources Defense Council, Inc. ("NRDC") under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(a). Pursuant to Section III.A of Your Honor's Individual Practices, we write respectfully to respond to NRDC's letter dated April 12, 2018 ("NRDC Ltr.") [Dkt. No. 20], which discusses NRDC's anticipated motion for summary judgment on the merits under Fed. R. Civ. P. 56, and its request to file its summary judgment motion at the same time as EPA's anticipated motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

      As set forth in EPA's pre-motion conference letter dated April 6, 2018 ("EPA Ltr.") [Dkt. No. 18], NRDC's APA claims are subject to dismissal for lack of subject matter jurisdiction because NRDC lacks standing to challenge the Directive, and its claims are unripe for review. *See* EPA Ltr. at 2-3. NRDC's complaint is also subject to dismissal for failure to state a claim, because the appointment of individuals to EPA advisory committees is committed to agency discretion by law under 5 U.S.C. 701(a)(2), the Directive, as a general statement of policy, is not a "final agency action" that is subject to review under the APA, and the Directive is not subject to the APA's notice-and-comment requirements under 5 U.S.C. 553(b). *Id.* at 3.

      NRDC's motion for summary judgment is premature, and this Court should first resolve threshold questions related to its subject jurisdiction and the facial legitimacy of NRDC's claims. The "first and fundamental" question for any court is that of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The Second Circuit has reaffirmed that district courts "must first resolve the subject matter jurisdictional issue on which the Plaintiffs' Article III standing depends before awarding either side a judgment that is, in essence, a judgment on the merits." *Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 83 (2d Cir. 2006). *See also Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996) ("Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case."). In this case, the existence of threshold jurisdictional questions, the legal deficiencies in NRDC's claims, *see generally* EPA Ltr. at 2-3, and the interests of efficiency and judicial economy make it

appropriate for the parties to brief and for this Court to resolve EPA's motion to dismiss before proceeding with summary judgment. NRDC's requested approach of simultaneously briefing both parties' motions, *see* NRDC Ltr. at 3, which would require EPA to compile and file an administrative record, would impose significant and unnecessary burdens on the parties and the Court.

To protect both judicial and party resources, and in accordance with this Court's inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), EPA respectfully requests that the parties proceed with briefing its anticipated Fed. R. Civ. P. 12(b)(1) and 12(b)(6) issues pursuant to a Court-ordered schedule to be determined at the pre-motion conference scheduled for April 25, 2018. EPA further proposes that, two weeks after the resolution of its motion to dismiss, if this Court does not dismiss the complaint, EPA will file and serve a copy of the administrative record in this case. At any time thereafter, NRDC may file its motion for summary judgment on the administrative record, and the parties will complete briefing on that motion pursuant to a second Court-ordered schedule. This approach is the most efficient one for the parties and the Court, and will avoid the unnecessary compilation of an administrative record and briefing on the merits if this Court grants EPA's motion to dismiss. Moreover, NRDC has not asserted and cannot assert any prejudice or harm from permitting the Court to reach a resolution on the threshold jurisdictional questions before the merits.

We thank the Court for its consideration of this letter.

        Respectfully,

        GEOFFREY S. BERMAN
        United States Attorney

By:      */s/ Tomoko Onozawa*
        TOMOKO ONOZAWA
        Assistant United States Attorney
        Tel: (212) 637-2721
        Fax: (212) 637-2686

Of Counsel:

Daniel Bensing, Esq., Senior Trial Counsel
James R. Powers, Esq., Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
Washington, D.C.

cc: Mitchell Bernard, Esq. (via ECF)
    Thomas Zimpleman, Esq. (via ECF)